(Nos. 7246 and 7247—Decided May 28, 1963.)

*Mr. John C. Young*, city attorney, and *Mr. Howard P. Lowe*, for appellee.

*Messrs. Humphrey & Sroufe*, for appellant.

TROOP, J.   The appeal in case No. 7247 is from a judgment of conviction of the defendant in the Columbus Municipal Court on a charge of operating a motor vehicle while under the influence of alcohol on October 13, 1962.   Trial was to the court without a jury.   One assignment of error is urged by the defendant, appellant herein, that the verdict of the trier of the facts was contrary to law and against the manifest weight of the evidence.

In determining whether a judgment in a criminal matter is manifestly against the weight of the evidence the record must be reviewed in the light of the criminal rule of proof beyond a reasonable doubt.   Even so, the commonly emphasized requirement is that the verdict be "manifestly" contrary to the weight of the evidence.   In the case of *State* v. *Johnson* (1950), 57 Ohio Law Abs., 524, the Second District Court of Appeals quoted and followed *Breese* v. *State*, 12 Ohio St., 146.   At page 532, the appeals court quotes the fourth paragraph of the syllabus of the *Breese case*, as follows:

" 'A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the re-

viewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony.' "

The record reviewed by this court contains only the oral testimony of the arresting officer and of the defendant. It is expected that conflict would be present. There is no other objective evidence in the case, the defendant having refused to submit to a test of body fluids. The reason for the reluctance of an appeals court to reverse when there is only conflicting oral testimony shown in the record seems obvious. In such a situation, the trial court or jury must decide as to the credibility of the witness, which must be done by applying the commonly used tests of credibility such as demeanor on the stand, forthrightness of answers, as well as interest in the outcome of the case. (See, also, 3 Ohio Jurisprudence (2d), 820, Section 821, for a discussion of the review of criminal cases.)

We think the record in the instant case contains evidence from which the trier of the facts was justified in finding that the accused was guilty.

Attention is called to the case of *State* v. *Steele* (1952), 95 Ohio App., 107, for assistance in appraising evidence as to the offense of operating a motor vehicle while under the influence of alcohol.

Since no mention is made of the appeal in case No. 7246 in the briefs of counsel, we assume acquiescence in the judgment of conviction by the trial court of the charge of improper lights.

The judgments of the trial court in both cases are affirmed.

*Judgments affirmed.*

DUFFY, P. J., and BRYANT, J., concur.